UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODOLFO NUNEZ,

    Plaintiff,

v.                                           Case No:   2:18-cv-275-FtM-99CM

HULETT ENVIRONMENTAL
SERVICES, INC. and GUARDIAN
LIFE INS. CO. OF AMERICA,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law filed on July 6, 2018.  Doc. 7.  Plaintiff has not filed a response in opposition, and the time for doing so has passed.  Failure to file a response creates a presumption that the motion is unopposed.  *Great American Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012) (citation omitted).  For the reasons stated below, the Court respectfully recommends the motion be granted and the Complaint be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

I.   Background

On April 23, 2018, Plaintiff filed this case against Defendants Hulett Environmental Services, Inc. ("Hulett") and Guardian Life Insurance Company of America ("Guardian") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").  *See* Doc. 1 ¶¶ 1-7.  Plaintiff alleges Hulett was the previous employer of Anna Marie Nunez ("Decedent"), Plaintiff's deceased spouse. *Id.* ¶¶ 10, 15.  During her employment with Hulett, Decedent participated in a Group Insurance Plan ("the Plan") sponsored by Hulett and administered by Guardian, which included an Employee Basic Accidental Death and Dismemberment Benefits policy ("the Policy").  *Id.* ¶¶ 11-12.  Decedent died on April 25, 2013 from injuries sustained in a motorcycle crash; Plaintiff, as the named beneficiary under the Policy, thereafter submitted a claim to Guardian.  *Id.* ¶¶ 17-20.

Plaintiff alleges Guardian failed to pay him benefits and breached its obligations under the Policy and its fiduciary duty owed to Plaintiff under ERISA. *Id.* ¶ 23-24.  In the Complaint, Plaintiff claims "[e]xhausting administrative remedies under ERISA would be future [sic][2] under the facts presented insofar as Defendant, Guardian, used the provisions of ERISA as a shield from paying an otherwise due and owing claim when the irrefutable proof of causation did not exist at that time."  *Id.* ¶ 22.  Count I alleges Plaintiff is entitled to Accidental Death and

---

[2] It appears Plaintiff meant to state that exhausting administrative remedies would be "futile."

Dismemberment Benefits under the Policy and Count II requests attorney's fees. *Id.* ¶¶ 25-35.

On July 6, 2018, Defendants filed the present motion. Doc. 7. Defendants seek to dismiss the Complaint with prejudice under Rule 12(b)(6), Federal Rules of Civil Procedure, because Plaintiff failed to exhaust his administrative remedies, his claims are barred by the limitation of actions provision in the Policy, and Hulett is an improper party because it was not the claims administrator under the Policy. *Id.* at 1-2. In the motion, Defendants claim Plaintiff's loss was not covered under the Policy because Decedent suffered a stroke prior to the car accident and the Policy only covered "accidental death[.]" *Id.* at 2. Defendants further claim Plaintiff never appealed the denial of his claim under the Policy and filed his Complaint years after the deadline in the Policy's limitation of actions provision expired. *Id.* at 3. Having not received a response to the motion by the 14-day deadline, the Court directed Plaintiff to file a response on or before August 22, 2018. Doc. 10; *see generally* Docket. Plaintiff failed to file a response, and the motion is ripe for review.

II. Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" are not sufficient. *Id.* (quotations and citation

omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678,683 (11th Cir. 2001) (internal quotation and citation omitted). "[T]he Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citing *Exec. 100, Inc. v. Martin Cnty.*, 992 F.2d 1536, 1539 (11th Cir. 1991)).

Defendants argue Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies and filed the case past the deadline in the Policy's limitation of actions provision, and because Hulett is an improper Defendant. *See* Doc. 7 at 4-8. As to the failure to exhaust, Defendants argue that Plaintiff had 60 days from November 20, 2013 to appeal the denial of his claim, and the deadline and procedure for appealing were clearly explained in Guardian's denial letter. *Id.* at 5. Nonetheless, Plaintiff failed ever to appeal the decision and instead waited "almost five years" to file a Complaint in federal court. *Id.* Defendants argue Plaintiff's claim that Guardian used ERISA "as a shield" to deny his claim "makes no sense" and that his vague claim should not provide an exception to the exhaustion requirement. *Id.* Next, Defendants argue that Plaintiff failed to comply with the Policy's three-year limitation of actions provision stating that legal action must be brought within three years after proof of loss is filed. *Id.* at 7 (citing

Doc. 7-1 at 27). Finally, Defendants argue Hulett is an improper party because it "has no authority over the administration of the [Policy]." *Id.* at 8. Plaintiff does not respond to any of these arguments and apparently does not oppose the motion. *See Sanchuk*, 2012 WL 195526, at *3.

The Eleventh Circuit has stated that "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (citations omitted). The exhaustion requirement must be "strictly enforce[d]" except when "resort to administrative remedies would be futile or the remedy inadequate" or when a plaintiff is denied "meaningful access" to administrative review. *Id.* at 1315-16 (citations omitted). As to limitation of actions provisions, the United States Supreme Court has held "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan" as the plan is "at the center of ERISA." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108 (2013) (citation omitted). Finally, the Eleventh Circuit has stated that "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (per curiam) (citation omitted).

Here, the Court recommends Plaintiff's Complaint fails on all three arguments made by Defendant. First, Plaintiff admits in the Complaint that he failed to exhaust his administrative remedies. *See* Doc. 1 ¶ 22. The Policy gives Plaintiff

60 days from the date of the denial of the claim to request administrative review and Plaintiff failed to do so. *See* Doc. 7-1 at 124. Further, Plaintiff fails to show that "resort to administrative remedies would be futile" or that Plaintiff was denied "meaningful access" to administrative review of his claim. *See Perrino*, 209 F.3d at 1315-16. Thus, Plaintiff's Complaint may be dismissed on this ground alone. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 (11th Cir. 2006). Next, the Policy provided that any legal action related to the Policy must be filed within three years after proof of loss is filed. Doc. 7-1 at 27. Plaintiff faxed his claim form and proof of loss on June 7, 2013, and filed this case on April 23, 2018, thus Plaintiff failed to comply with the limitation provision and the Complaint should be dismissed on that ground as well. *See* Docs. 1, 7-2; *Heimeshoff*, 571 U.S. at 108. Finally, Hulett was the sponsor of the Plan, but not the claims administrator, and thus is an improper party. *See Garren*, 114 F.3d at 187; Doc. 1 ¶ 8. Thus, the Complaint may be dismissed as to Hulett for this additional reason. *See Garren*, 114 F.3d at 187.

Accordingly, the Court respectfully recommends that Defendant's motion be granted and Plaintiff's Complaint be dismissed. The Court further recommends that dismissal with prejudice of the Complaint is appropriate because, due to Plaintiff's failure to comply with the limitation of actions provision, Plaintiff's ERISA claims are barred. *See Amos v. Hartford Life and Acc. Ins. Co.*, 362 F. App'x 48, 49 (11th Cir. 2010) (per curiam) (affirming dismissal with prejudice of ERISA claim as time-barred due to failure to file within the limitations period in the relevant policy).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 7) be **GRANTED**; and

2. The Complaint (Doc. 1) be **DISMISSED with prejudice.**

**DONE** and **ENTERED** in Fort Myers, Florida on this 14th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record