UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODOLFO NUNEZ,

      Plaintiff,

v.                           Case No:  2:18-cv-275-FtM-99CM

HULETT          ENVIRONMENTAL
SERVICES, INC., a Florida
corporation  and  GUARDIAN
LIFE INS. CO. OF AMERICA, a
New York corporation,

      Defendants.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #11), filed November 14, 2018, recommending that that defendants' Motion to Dismiss (Doc. #7) be granted, and the Complaint (Doc. #1) be dismissed with prejudice.  No objections have been filed and the time to do so has expired.[1]

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. §

_____

[1] The Court notes that plaintiff did not file a timely response to the Motion to Dismiss, and also failed to file a response when directed by the magistrate judge to do so.  (Doc. #10.)

636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982),

<u>cert. denied</u>, 459 U.S. 1112 (1983). In the absence of specific

objections, there is no requirement that a district judge review

factual findings *de novo*, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9

(11th Cir. 1993), and the court may accept, reject or modify, in

whole or in part, the findings and recommendations. 28 U.S.C. §

636(b)(1). The district judge reviews legal conclusions *de novo*,

even in the absence of an objection. <u>See</u> <u>Cooper-Houston v.</u>

<u>Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro</u>

<u>Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993),

<u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994) (Table).

## II.

The Complaint seeks death benefits which it alleges were due

and owing under an Employee Retirement Income Security Act (ERISA)

plan covering plaintiff's deceased spouse. Defendant seeks to

dismiss the Complaint with prejudice on three grounds: (1)

plaintiff failed to exhaust administrative remedies; (2) the claim

is barred by the limitation of actions provision in the ERISA

Policy;, and (3) defendant Hulett Environmental Services, Inc. was

not the claims administrator under the Policy and is therefore not

a proper defendant. The Magistrate Judge found that defendant

should prevail on all three arguments, and recommended dismissal

with prejudice. (Doc. #11, p. 6.)

## (1) Exhaustion of Administrative Remedies

It is well established that before bringing a civil action for denial of ERISA benefits, a plaintiff must exhaust his or her administrative remedies.  <u>Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan</u>, 833 F.3d 1299, 1314 (11th Cir. 2016).  This requirement must be pled in the complaint.  <u>Herman v. Hartford Life and Acc. Ins. Co.</u>, 508 F. App'x 923, 926 (11th Cir. 2013). Exhaustion may be excused, however, if exhaustion would be futile or the remedy inadequate, or where a claimant is denied "meaningful access" to the review scheme.  <u>Perrino v. S. Bell Tel. & Tel. Co.</u>, 209 F.3d 1309, 1315 (11th Cir. 2000).

The Complaint concedes plaintiff did not exhaust administrative remedies, but asserts futility as the excuse: "Exhausting administrative remedies under ERISA would be futile under the facts presented insofar as Defendant, Guardian, used the provisions of ERISA as a shield from paying an otherwise due and owing claim when the irrefutable proof of causation did not exist at that time."  (Doc. #1, ¶ 22.)  This fails to plausibly plead the required futility, but merely expresses disagreement with the administrative decision.  The Court therefore adopts the Report and Recommendation as to dismissal.  Because failure to exhaust may be excused, and that determination is discretionary, the dismissal will be without prejudice.

**(2) Contractual Limitations Period**

"Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 105–06 (2013). Here, the Policy provided for a three year limitation period. Normally, violation of the limitations period is an affirmative defense, "and a plaintiff is not required to negate an affirmative defense in his complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)). A dismissal may be granted, however, if it is "apparent from the face of the complaint" that the claim is time-barred. La Grasta, 358 F.3d at 845. Here, the lack of dates in the Complaint results in the inability to determine on a motion to dismiss whether the contractual limitations period has expired.[2] Therefore, the Court rejects the Report and Recommendation as to this issue.

**(3) Plan Sponsor**

The Magistrate Judge agreed that Hulett was not a proper party because it is alleged to be a sponsor and is not the claims

---

[2] The Motion to Dismiss (Doc. #7) attached a copy of the Policy and the Claim to demonstrate untimeliness, however the dates are outside the four corners of the Complaint because the dates were not plead in the Complaint and cannot be considered.

administrator. The Complaint identifies Hulett as the sponsor of the ERISA plan, and Guardian Life as the administrator. (Doc. #1, ¶ 8.) After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge to dismiss this defendant with prejudice.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #11) is hereby **adopted in part and rejected in part** as stated above.

2. Defendants' Motion to Dismiss (Doc. #7) is **GRANTED** to the extent that Hulett Environmental Services, Inc. is dismissed with prejudice, and Guardian Life Ins. Co. of America is dismissed without prejudice for failure to exhaust administrative remedies. The Motion is otherwise **DENIED.**

3. Plaintiff may file an amended complaint within **fourteen (14) days** of the filing of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of December, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
United States Magistrate Judge
Counsel of Record